E. Evans Wohlforth, Jr., Esq. (EW-1425)
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Tel: (973) 596-4879
Fax: (973) 639-6486
Attorneys for Defendant Life Insurance Company
      of North America

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAYMOND PAWLYK, <br><br>          Plaintiff, <br><br>     vs. <br><br> LIFE INSURANCE COMPANY OF NORTH AMERICA , <br><br>         Defendant. | Civil Action No.: 07-cv-10358 (CLB)(GAY) <br><br><br> **ANSWER and AFFIRMATIVE DEFENSES** <br><br><br> Document filed electronically |

      Defendant Life Insurance Company of North America ("LINA"), with its principal place of business located at 1601 Chestnut Street, Philadelphia, Pennsylvania 19192, by and through its attorneys Gibbons P.C., (LINA having been substituted in the place of CIGNA Corporation, which was dismissed from this action with prejudice by Order of the Court and stipulation of the parties dated December 14, 2007) as and for its Answer and Affirmative Defenses to the Complaint (the "Complaint") of Plaintiff Raymond Pawlyk ("Plaintiff"), and, except as noted below, each reference to CIGNA Corporation or CIGNA in the Complaint being interpreted to refer to LINA, states as follows:

      1.      To the extent this paragraph of the Complaint alleges that Plaintiff is a participant in a certain employee benefit plan maintained by State Farm Mutual Insurance Company (the

"Plan"), that allegation is admitted.  LINA lacks knowledge sufficient to form a belief as to the truth of the balance of the allegations contained in this paragraph of the Complaint and therefore denies same and leaves Plaintiff to his proofs.

2.      To the extent this paragraph of the Complaint alleges that LINA is a wholly owned subsidiary of CIGNA Corporation, and that LINA administers a policy of insurance providing long-term disability benefits to certain employees of State Farm Mutual Automobile Insurance Company, those allegations are admitted.  The balance of the allegations of this paragraph of the Complaint are denied.

3.      The allegations of this paragraph of the Complaint are admitted.

4.      To the extent this paragraph of the Complaint alleges that this Court has jurisdiction pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"), those allegations are admitted.  To the extent the allegations of this paragraph of the Complaint characterize other allegations in the complaint, such allegations are inappropriate for either admission or denial in this pleading.  To the extent this paragraph of the Complaint contains any further allegations those allegations are denied.

**COUNT I**

5.      To the extent this paragraph alleges that Plaintiff is a participant of the Plan, those allegations are admitted.  LINA denies the balance of the allegations in this complaint.

6.      To the extent this paragraph of the Complaint incorporates the document titled "Group Policy," that document speaks for itself.  The balance of the allegations of this paragraph of the Complaint are denied.

7.      The allegations of this paragraph of the Complaint are denied.

#1260154 v1
106782-61637

8.    To the extent this paragraph of the Complaint alleges that the Plan is governed by ERISA, those allegations are admitted.  To the extent the allegations of this paragraph of the Complaint state legal conclusions, those allegations are inappropriate for either admission or denial in this pleading.  To the extent this paragraph makes any further allegations, those allegations are denied.

9.    To the extent this paragraph of the Complaint alleges that LINA has discretion under the terms of the Plan to interpret the terms of the Plan and to administer the benefits due under it, those allegations are admitted.  To the extent the allegations of this paragraph of the Complaint state legal conclusions, those allegations are inappropriate for either admission or denial in this pleading.  To the extent the balance of this paragraph of the Complaint makes any further allegations, those allegations are denied.

10.    The allegations of this paragraph of the Complaint are denied.

11.    The allegations of this paragraph of the Complaint are denied.

12.    The allegations of this paragraph of the Complaint are denied.

13.    The allegations of this paragraph of the Complaint are denied.

14.    To the extent the allegations of this paragraph of the Complaint incorporate by reference a letter from a CIGNA Appeals Claims Examiner, that document speaks for itself.  The balance of the allegations of this paragraph of the Complaint are denied.

15.    The allegations of this paragraph of the Complaint are denied.

## Affirmative Defenses

## First Affirmative Defense

The allegations in the Complaint fail to state a cause of action upon which relief can be granted.

## Second Affirmative Defense

- 3 -

Plaintiff is not disabled within the meaning of the policy or plan and this constitutes a complete defense to the claims contained in Plaintiff's Complaint.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by virtue of one or more of the provisions of the insurance policy or plan at issue.

### Fourth Affirmative Defense

Plaintiff's claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., which precludes any related state law causes of action.

### Fifth Affirmative Defense

Plaintiff's remedies, if any, are limited to those provided under ERISA and his damages, if any, are subject to the restrictions, deductions and offsets contained in the applicable policy.

### Sixth Affirmative Defense

The Court's review of this matter is limited to the administrative record before the claims administrator or claims fiduciary at the time of the denial of Plaintiff's claim.

### Seventh Affirmative Defense

No payments are owed to the Plaintiff under the terms and conditions of the said policy or plan.

### Eighth Affirmative Defense

Plaintiff's eligibility for benefits is subject to the restrictions contained in the policy or plan.

### Ninth Affirmative Defense

This Court's adjudication of this matter is subject to the arbitrary and capricious standard of review.

#1260154 v1
106782-61637

### Tenth Affirmative Defense

Plaintiff's claim for benefits under the policy was properly denied by LINA.

### Eleventh Affirmative Defense

LINA asserts any and all defenses available to it under the terms of the ERISA, 29 U.S.C.

§ 1001, et seq.

### Twelfth Affirmative Defense

Plaintiff's claims are barred by the doctrines of estoppel, laches, equitable estoppel and

waiver.

### Thirteenth Affirmative Defense

Plaintiff has failed to satisfy one or more conditions precedent for coverage under the

contract.

### Fourteenth Affirmative Defense

Plaintiff has not submitted appropriate or sufficient medical proof on his claim of

disability under the policy and, therefore, is not entitled to benefits.

### Fifteenth Affirmative Defense

Plaintiff may have had other reasons, unrelated to his claimed disability, for stopping

work.

### Sixteenth Affirmative Defense

LINA owes no obligation under the contract to pay benefits.

### Seventeenth Affirmative Defense

LINA's denial of benefits under all of the circumstances was reasonable and was not

arbitrary, capricious, unreasonable or erroneous as a matter of law, and this constitutes a

complete defense to the within cause of action.

#1260154 v1
106782-61637

### Eighteenth Affirmative Defense

LINA's factual determinations resulting in the denial of benefits was, under all of the circumstances, reasonable.

### Nineteenth Affirmative Defense

Plaintiff is not entitled to a jury trial pursuant to the provisions of ERISA, 29 U.S.C. §1001, et seq.

### Twentieth Affirmative Defense

Plaintiff's claims for damages, including any claims for future disability benefits, interest, attorney's fees, costs, and any other relief, are barred and/or preempted by one or more provisions of ERISA, 29 U.S.C. §1001, et seq.

### Twenty-First Affirmative Defense

Plaintiff's claims are or may be barred, in whole or in part, by the applicable statute of limitations under ERISA and any contractual limitations period under the terms of the policy or plan.

### Twenty-Second Affirmative Defense

Plaintiff's claims are or may be barred in whole or in part by any other applicable statute of limitations.

### Twenty-Third Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the doctrines of accord and satisfaction.

### Twenty-Fourth Affirmative Defense

LINA has discretionary authority to determine Plaintiff's eligibility for benefits and its decisions were not arbitrary and capricious.

#1260154 v1
106782-61637

### Twenty-Fifth Affirmative Defense

LINA is not equitably estopped from denying Plaintiff's claims for future coverage.

### Twenty-Sixth Affirmative Defense

Any relief awarded to Plaintiff may be reduced or offset by benefits with which the subject policy integrates, including, but not limited to, Social Security disability or retirement benefits, Retirement Plan benefits funded by the employer, any local, state or federal government disability or retirement plan or law payable for injury or sickness provided as a result of employment with the employer, workers' compensation benefits, unemployment compensation benefits, proceeds payable under any franchise or group insurance or similar plan, any sick leave or salary continuation plan of the employer, and any amounts paid because of loss of earnings or earning capacity through settlement, judgment, arbitration or otherwise, where a third party may be liable, regardless of whether liability is determined, or should be otherwise reduced as required by law.

### Twenty-Seventh Affirmative Defense

The allegations in the Complaint fail to state a cause of action pertaining to any claim for attorneys fees, interest and costs.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part by Plaintiff's own delay in furnishing proof of loss which, in the absence of legal incapacity, bars Plaintiff's claims.

### Twenty-Ninth Affirmative Defense

Plaintiff's claims are barred in whole or in part by his failure to mitigate damages.

### Thirtieth Affirmative Defense

#1260154 v1
106782-61637

The Plaintiff's claims are or may be barred, in whole or in part, by failure of consideration.

### Thirty-First Affirmative Defense

Plaintiff's claimed disability, if any, may be caused by a pre-existing condition for which no benefits are owed under the terms and conditions of the policy.

### Thirty-Second Affirmative Defense

Plaintiff's present claim of disability is not supported under all the circumstances and any failure on the part of the Plaintiff to be working in the occupation he was engaged in when he allegedly first became disabled was due to Plaintiff's own choice and/or caused by circumstances other than Plaintiff's claimed disability.

### Thirty-Third Affirmative Defense

LINA hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings and reserves its right to amend this Answer to assert such defenses.

#1260154 v1
106782-61637

**WHEREFORE**, Defendant LINA demands entry of judgment in its favor and against the Plaintiff, dismissing with prejudice all claims for relief set forth in Plaintiff's Complaint and awarding attorneys' fees, interest, costs of suit, and such further relief as the Court deems justified in favor of Defendant LINA and against Plaintiff.

Dated: January 16, 2008
     Newark, New Jersey

                                    s/ E. Evans Wohlforth, Jr. Esq.,
                                    E. Evans Wohlforth, Jr. (EW-1425)
                                    **GIBBONS P.C.**
                                    One Gateway Center
                                    Newark, New Jersey 07102
                                    973-596-4500
                                    ewohlforth@gibbonslaw.com
                                    Attorneys for Defendant Life Insurance
                                    Company of North America

#1260154 v1
106782-61637